NEWMAN, Circuit Judge,
concurring.
I agree that 5 C.F.R. § 302.401(b) is inconsistent with statutory requirements regarding pass-over procedures, and that reversal and remand for application of the proper procedures are appropriate. I join the court’s holding on this issue. I write separately because the court has not treated the central issue of this appeal, an issue that can have a larger effect on Mr. Gingery’s legal rights than the correct application of the pass-over provisions.
Mr. Gingery’s central argument relates to the placement into the excepted service of the auditor position for which he applied. This deprived him of important veterans’ preference rights that apply to competitive service positions. He argues that the Federal Career Internship Program (“FCIP”) was improperly implemented for this position, and that the GS-0511 auditor position for which he applied would normally be filled through competitive examination and associated hiring rules, which he states would have granted him ten preference points as a veteran with at least 30% disability. This aspect is squarely presented on this appeal. It was not a secondary or alternative argument, as the court now suggests, maj. op. at 1351, nor was it an issue that “the decision of the MSPB on appeal did not address,” id. at 1351 n. 1. On the contrary, the full Board, on review of the AJ’s initial decision, discussed the validity of the FCIP at some length. Gingery v. Dep’t of Defense, 105 M.S.P.R. 671, 674-75 (2007). As the majority states: “The MSPB granted review and concluded that the FCIP constituted a valid exception to hiring in the competitive service....” Maj. op. at 1351.
On this appeal Mr. Gingery again points to the cases in which the Board had previously found that appointments made pursuant to alternative hiring programs were not valid exceptions from the competitive service, and violated veterans preference rights. See Dean v. Dep’t of Agriculture, 104 M.S.P.R. 1 (2006) (discussing Out *1355 standing Scholar Program appointments); Deems v. Dep’t of Treasury, 100 M.S.P.R. 161 (2005) (discussing Clerical and Administrative Support Positions appointments). Responding to Mr. Gingery’s argument that the issues are analogous, the Board stated: “The FCIP authority used here, however, differs from those used in the cases on which the appellant relies because it represents a valid exception to the competitive examination requirement.” Gingery, 105 M.S.P.R. at 675. It is this holding to which Mr. Gingery directed most of his briefing on this appeal, and which attracted the participation of the National Treasury Employees Union (“NTEU”) as amicus curiae. The NTEU stresses the growth of excepted hiring pursuant to the FCIP, as compared with competitive hiring, as the predominant hiring mechanism for entry-level positions in the executive branch. Mr. Gingery argues that the auditor position for which he applied was improperly placed within the internship program and thereby removed from the competitive service. This issue of this appeal is separate from the issue of validity of OPM’s regulation on the pass-over procedures.
Pursuant to 5 U.S.C. § 2102(a)(1), the competitive service includes “all civil service positions in the executive branch” except those “positions which are specifically excepted from the competitive service by or under statute,” or other limited exceptions that do not apply to the auditor position at issue. The statutory authorization for the exception of positions from the competitive service appears at 5 U.S.C. § 3302:
The President may prescribe rules governing the competitive service. The rules shall provide, as nearly as conditions of good administration warrant, for—
(1) necessary exceptions of positions from the competitive service; ....
The FCIP was implemented by Executive Order No. 13,162, which assigned its administration to OPM. Mr. Gingery and the NTEU state that exceptions from competitive hiring procedures for executive branch civil service positions require, under 5 U.S.C. § 3302, a showing of necessity.
Mr. Gingery and the NTEU point out that hiring pursuant to the FCIP, as it pertains to the auditor position for which Mr. Gingery applied, does not meet the statutory necessity requirement. The government conceded that no showing of necessity was made for the auditor position at issue here, and argued instead that the President and OPM and all of the executive branch agencies have “unfettered discretion” to except positions from the competitive service. This argument was rejected in National Treasury Employees Union v. Horner, 854 F.2d 490 (D.C.Cir.1988), where the court held to be arbitrary and capricious OPM’s movement of competitive positions into the excepted service, with no reasonable showing of necessity under 5 U.S.C. § 3302. The court stated: “In this case, as the district court found, several provisions of title 5 of the U.S. Code, viewed together, provide a meaningful — not a rigorous, but neither a meaningless — standard against which to judge OPM’s decision to convert the PAC positions from competitive to excepted status.” Id. at 495.
Mr. Gingery states that the auditor position for which he applied was not listed in the OPM’s annual report of excepted positions, citing 70 Fed.Reg. 2284 (Jan. 12, 2005) and 71 Fed.Reg. 58,680 (Oct. 4, 2006). The auditor position was not shown to be a “necessary exception” to the standard procedures of the competitive service. I recognize that the considerations are complex; however, the issue was fully and *1356 fairly raised on this appeal, and has a direct impact on this petitioner, for the veteran states that he is deprived of his statutory additional points of rating. See 5 U.S.C. § 3309(1); see also 5 U.S.C. § 3318(b)(1), (2).
This was a primary issue addressed in the briefing and at oral argument of Mr. Gingery’s appeal. The issue is before this court, and it should be discussed and resolved.
Opinion for the court filed by Circuit Judge MOORE. Concurring opinion filed by Circuit Judge NEWMAN.